UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JAMES F. GORDON, et al.,**

    **Plaintiffs,**

v.                                                      Case No.  8:11-cv-2852-T-30TGW

**UNITED STATES OF AMERICA,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon the United States of America's motion to dismiss (Dkt. 6), plaintiffs' response in opposition (Dkt. 9), plaintiffs' amended motion for leave to file second amended complaint (Dkt. 12), and the United States' response in opposition to plaintiffs' motion to amend (Dkt. 13).  The Court, having considered the motions, responses, and being otherwise advised of the premises, concludes that the United States' motion to dismiss should be granted, and plaintiffs' claims dismissed with prejudice.

## BACKGROUND

On December 28, 2011, plaintiffs James F. Gordon and Christine S. Gordon filed their original complaint in this matter.  They asserted that they were entitled to a refund of federal income taxes paid for the year 2010 by virtue of a joint income tax return they filed for that year.  That return claimed that a refund of $2,513 was due to them but had not been paid by the IRS.  The Gordons purported to bring the case as a class action.  On January 9, 2012, the IRS refunded the amount the Gordons claimed on their 2010 return, plus accrued interest.

On February 3, 2012, the Gordons, joined by an additional plaintiff, Crystal Lake, filed their first amended complaint. Lake claimed that she had filed a federal income tax return for the year 2010 showing a refund of $1,204 due to her, but the IRS had not paid her the refund to which she was entitled. All three plaintiffs purported to maintain the case as a class action. On February 15, 2012, the IRS refunded the amount due to Lake for the 2010 tax year, plus accrued interest.

On March 27, 2012, plaintiffs filed a motion to certify class. The allegations in support of plaintiffs' class-action is that they have been victims of identity theft, whereby persons unknown had filed fraudulent tax returns in their names before they filed their own, valid returns. As a result, they assert that the IRS has improperly delayed the payment of refunds to which they are entitled and has unreasonably required them to submit documentation to multiple federal agencies in support of their claims.

This case is at issue upon the United States' dispositive motion to dismiss. The United States argues that the claims of the named plaintiffs are moot; the refunds they claimed have been paid in full. The Court agrees.

## DISCUSSION

Courts do not have jurisdiction to hear tax refund claims unless there exists an actual case or controversy at all stages of the case. *Christian Coalition of Florida, Inc. v. U.S.*, 662 F.3d 1182, 1188-90 (11th Cir. 2011).

Plaintiffs do not dispute in their response to the United States' motion to dismiss that their claims are moot. Rather, plaintiffs attempt to survive dismissal of this case by moving

to amend their complaint to add new representative plaintiffs. Plaintiffs contend that each of these new representative plaintiffs are in the identical situation as the current plaintiffs, in that each attempted to file their tax return, each of their returns were rejected, the cause of each rejection was the fraudulent filing of a tax return by a third party, each plaintiff is due a refund, and the IRS is refusing to pay the refund. Plaintiffs argue that each time a plaintiff is named in this action, the United States "fast-tracks" the income tax refund, thereby attempting to make the action moot. (Dkt. 9). Plaintiffs contend that Rule 15(a) of the Federal Rules of Civil Procedure allows plaintiffs to amend their complaint "by leave of court" and directs that "leave shall be freely given when justice so requires."

The Court concludes that the United States' motion to dismiss must be granted because plaintiffs' claims against it are moot. Although the Court is well-aware of the dictates of Rule 15 and Eleventh Circuit law that a district court should allow liberal amendment to facilitate determinations of claims on the merits, plaintiffs overlook the fact that, upon their dismissal, this Court does not have subject matter jurisdiction over this case. Notably, the Eleventh Circuit has held that when a plaintiff loses his standing to assert a claim, he does not retain standing to control the litigation by substituting new plaintiffs. *See Wright v. Dougherty County, Ga.*, 358 F.3d 1352, 1356 (11th Cir. 2004); *see also Summit Office Park, Inc. v. United States Steel Corp.,* 639 F.2d 1278, 1282 (5th Cir.1981); *TXCAT v. Phoenix Group Metals*, *LLC*, 2010 WL 5186824, at *3 (S.D. Tex. 2010) (citing cases holding that a plaintiff's "lack of standing precludes him from amending the complaint to substitute new plaintiffs" and "divests [the district court] of subject matter jurisdiction

necessary to even consider such a motion"); *Lawrence v. Household Bank (SB), N.A.*, 505 F. Supp. 2d 1279, 1285 (M.D. Ala. 2007).

Simply put, the dismissal of plaintiffs divests the Court of subject matter jurisdiction and divests plaintiffs of the ability to request amendment of the complaint to add additional plaintiffs.[1]

It is therefore ORDERED AND ADJUDGED that:

1. The United States of America's motion to dismiss (Dkt. 6) is GRANTED. Plaintiffs' claims are dismissed with prejudice.

2. Plaintiffs' Amended Motion for Leave to File Second Amended Complaint (Dkt. 12) is DENIED.

3. This action is dismissed and the Clerk of Court is directed to CLOSE this case.

4. Plaintiffs' Motion to Certify Class (Dkt. 5) and the Joint Motion for Miscellaneous Relief (Dkt. 14) are terminated as MOOT.

**DONE** and **ORDERED** in Tampa, Florida on June 4, 2012.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2011\11-cv-2852.mtdismiss6.frm

---

[1] Notably, plaintiffs filed their motion to certify the class <u>after</u> each one of them had received their refund, including interest, from the IRS.